RECEIVED
IN ALEXANDRIA, LA.

DEC - 2 2013

TONY R. MOORE, CLERK
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTRALE DEMARKO PHILLIPS | DOCKET NO. 13-CV-2438; SEC. P |
| VERSUS | JUDGE DRELL |
| JUDGE YEAGER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Dontrale Phillips, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 7, 2013.[1] Plaintiff is incarcerated at the Rapides Parish Detention Center. He complains that he has been wrongfully diagnosed as incompetent by a sanity commission appointed by Judge Yeager, and that Judge Yeager has relied on the faulty diagnosis in finding Plaintiff incompetent to represent himself in his pending criminal case. Plaintiff names as defendants Thomas M. Yeager, John C. Simoneaux, Ph.D., and Vijaya L. Boppana, M.D.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

#### *Background and Allegations*

Plaintiff has charges pending in the Ninth Judicial District Court for possession of a controlled substance and armed robbery.

---

[1] Plaintiff filed a prior civil rights complaint [13-cv-1925] on June 18, 2013, complaining that he is wrongfully imprisoned following an unlawful arrest based on a conspiracy against him. It has been recommended that the suit be stayed pending the outcome of Plaintiff's ongoing criminal proceeding.

[Doc. #1, p.3] Plaintiff advised the trial court that he wished to represent himself in the matter. He alleges that, on October 29, 2013, Judge Yeager accepted Plaintiff's waiver of assistance of counsel and granted Plaintiff's request for self-representation. However, the judge then raised the issue of competency. [Doc. #1, p.9] The judge appointed a sanity commission, and Plaintiff was evaluated by a psychologist (Defendant John C. Simoneaux) and a psychiatrist (Defendant Vijaya L. Boppana). Plaintiff complains that he passed the tests administered by the psychiatrist and psychologist, yet they and the court found him to be mentally incompetent.

Plaintiff was evaluated by John C. Simoneaux, Ph.D., on January 9, 2013. [Doc. #1-1] The examination report notes that Plaintiff's "behaviors, at least on the surface, were not particularly bizarre." Plaintiff "responded appropriately" to questions, and "there was no confusion, agitation, disorientation, or bizarre behaviors noted." Plaintiff relayed information back to Simoneaux "in an accurate and lucid way." Simoneaux found that "[t]he only unusual element of his presentation had to do with the rather uncommon sense of calm he was exuding." Plaintiff was alert, responsive, talkative, and had normal facial expressions and appropriate eye contact. [Doc. #1-1] Simoneaux found that Plaintiff was obsessed with religion and the law, "possibly to a point that represented even delusional thinking." [Doc. #1-1] His

religious ideations bordered on delusional. Simoneaux administered the Georgia Court Competency Test, on which Plaintiff yielded a perfect score. [Doc. #1-1]

Simoneaux stated:

> "It is difficult to say, with certainty, whether or not Mr. Phillips suffers from a legally relevant mental illness. The argument in favor of mental illness can be found in his presentation, which was observed in court, his judgment, which seems to go against logic, and some of his written materials, which are frankly bizarre, and his responses at the time of the arrest. All of this would suggest a fairly serious psychotic illness, not necessarily schizophrenia, but possibly a delusional disorder." [Doc. #1-1]

Ultimately, Simoneaux opined that Plaintiff "is probably suffering from a delusional disorder that seems to focus on religious delusions and grandiose delusions.... The gradiosity is also seen in his absolute assurance that he is competent and able to represent himself and the fact that he would ignore the judge's admonition to take advantage of the services of an attorney." [Doc. #1-1]

Simoneaux concluded that "[t]here is no doubt that Mr. Phillips understands the nature of the proceedings that he is facing.... He has a complete understanding of the defenses that are available to him and he certainly is able to distinguish a guilty from a not guilty plea and he understands the consequences of both. He has a clear awareness of his legal rights, more clear than almost anyone I've ever evaluated." [Doc. #1-1] However, Simoneaux went on to state that Plaintiff's "mental condition does

have the potential to adversely impact his ability to assist in his defense." [Doc. #1-1] Simoneaux relied at least in part on a letter written by Plaintiff to Judge Yeager that was "essentially impossible to understand," as it was disorganized, confused, and very tangential. The letter "clearly represents a religious preoccupation." [Doc. #1-1]

On February 25, 2012, Dr. Boppana examined Plaintiff at Central Louisiana State Hospital in Pineville, Louisiana. Dr. Boppana administered the Georgia Competency Test, as well. Plaintiff scored an 84. Scores of 70 and above fall within the "competent to stand trial" range. [Doc. #1-1] Dr. Boppana then checked boxes indicating "yes" or "no" with regard to the Bennett criteria.[2] Dr. Boppana found that Plaintiff met all criteria for competency except that Plaintiff was not able to make decisions in response to well explained alternatives; is not able to testify relevantly and be cross-examined if necessary in his own defense, and cannot maintain a consistent defense and inform his attorney of distortions or misstatements of others. [Doc. #1-1] The doctor concluded that, although Phillips had capacity to understand the legal charges against him, "Regarding his ability to proceed in these legal proceedings and his ability to assist in his own defense, it appears that his gradiosity and paranoia made him believe that he can represent himself.... He could be suffering

---

[2] See State v. Bennett, 345 So.2d 1129 (La. 1977).

4

from hypomania and could benefit from treatment with mood stabilizers." [Doc. #1-1]

Based on the reports of Defendants Simoneaux and Boppana, the court ordered Phillips committed to the Feliciana Forensic Facility. Plaintiff does not provide the length of time that he was in that facility, but it appears that he is no longer there.

### Law and Analysis

To state a claim under §1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).

Plaintiff fails to state a claim against Judge Yeager. The Supreme Court has granted absolute immunity to judges in the performance of their judicial duties. See Nixon v. Fitzgerald, 457 U.S. 731, 745 (1982). Thus, Plaintiff's claim against the judge should be dismissed.

Plaintiff claims that the other two defendants - Dr. Simoneaux and Dr. Boppana - are liable for wrongfully diagnosing him as mentally incompetent. These defendants were appointed by the judge to provide a professional evaluation of Plaintiff's mental status. Presuming that Plaintiff could prove they *are* state actors, Plaintiff's claim still fails under Section 1983. The claims raised against the doctors are essentially ones for negligence or

malpractice, and such claims simply are not cognizable pursuant to §1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, Plaintiff's claim against Dr. Simoneaux and Dr. Boppana should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.** Timely

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 2nd day of December, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE